UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLIE GADOMSKI, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>I.C. SYSTEM, INC., a Minnesota corporation,<br><br>Defendant. | No. 2:17-cv-00675-TLN-AC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

This matter is before the Court pursuant to Defendant I.C. System, Inc.'s ("Defendant")

Motion to Dismiss. (ECF No. 12.) Plaintiff Kellie Gadomski ("Plaintiff") opposes the motion

and objects to Defendant's use of extrinsic evidence in support of its Motion to Dismiss. (ECF

Nos. 13 & 14.) Defendant has filed replies in support of its Motion to Dismiss and use of

extrinsic evidence. (ECF Nos. 15 & 16.) For the reasons discussed below, the Court hereby

GRANTS Defendant's Motion to Dismiss. (ECF No. 12.)

### I.   FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff is a natural person who resides in the City of Tracy, County of San Joaquin, in

the State of California. (ECF No. 1 ¶ 20.) Defendant is a Minnesota corporation authorized to do

---

[1]    The following recitation of facts is taken, sometimes verbatim, from Plaintiff's Complaint. (Compl., ECF No. 1.)

1

business in the State of California.  (ECF No. 1 ¶ 21.)

Defendant is a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(a) & (b), who regularly furnishes information to consumer reporting agencies about consumer transactions or experiences with any consumer.  (ECF No. 1 ¶ 22.)  Defendant is a debt collector as defined by 15 U.S.C. § 1692(a) and California Civil Code § 1788.2(c).  (ECF No. 1 ¶ 23.)

Plaintiff alleges she acquired financial obligations prior to April 23, 2013.  (ECF No. 1 ¶ 105.)  Plaintiff alleges she fell behind in the payment of her debt and it was transferred to Defendant for collection following her delinquency.  (ECF No. 1 ¶¶ 106–07.)  On or about April 23, 2013, Plaintiff filed for no asset Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Eastern District of California in Fresno.  (ECF No. 1 ¶ 109.)[2]  Plaintiff alleges her financial obligations to Defendant ("Debt") were included in the Bankruptcy.  (ECF No. 1 ¶ 110.)  Plaintiff further alleges Defendant received notice of the Bankruptcy filing on or about April 23, 2013 through a Court Certificate of Mailing with Service by the Bankruptcy Noticing Center.  (ECF No. 1 ¶ 111.)  On or about August 12, 2013, Plaintiff received a successful bankruptcy discharge.  (ECF No. 1 ¶ 112.)  Plaintiff alleges Defendant received notice of the Bankruptcy discharge on or about August 12, 2013 through a Court Certificate of Mailing with Service by the Bankruptcy Noticing Center.  (ECF No. 1 ¶ 113.)  The Debt to Defendant was discharged through the Bankruptcy.  (ECF No. 1 ¶ 116.)

Plaintiff alleges Defendant either reported or caused to be reported inaccurate information after the Bankruptcy was filed and discharged in the form of reporting the current account pay status of the Debt as being "charged off" or otherwise past due/unpaid, as opposed to "Discharged in Bankruptcy."  (ECF No. 1 ¶ 119.)  Plaintiff alleges that an Equifax Credit Report dated November 13, 2016, stated Plaintiff had $319 of unpaid debt to Defendant when the report should have reflected a $0 balance.  (ECF No. 1 ¶¶ 152 & 155.)  Plaintiff alleges Defendant's attempt to collect upon the Debt by reporting post-Bankruptcy derogatory information on Plaintiff's Credit Reports, which is a collection activity, was inaccurate and materially misleading.  (ECF No. 1

---

[2]     Plaintiff's case was assigned Case Number 13-bk-25655 (the "Bankruptcy").

¶ 124.) Plaintiff alleges Defendant's inaccurate and materially misleading credit reporting damaged Plaintiff's creditworthiness. (ECF No. 1 ¶ 158.) Plaintiff alleges she "suffered actual damages including [] reviewing credit reports, incurring attorney's fees, and such further expenses as a result of Defendant's conduct." (ECF No. 1 ¶ 150.) Plaintiff alleges she incurred pain and suffering, was impeded in seeking necessary products and services from vendors and suffered humiliation, embarrassment, anxiety, loss of sleep, emotional distress, and defamation of character as a result of Defendant's conduct. (ECF No. 1 ¶ 151.)

## II. STANDARD OF LAW

### A. Motion to Dismiss Pursuant to 12(b)(1)

A party may bring a motion to challenge a court's subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). The objection that a federal court lacks subject matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). The challenge can be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

"When subject matter jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (abrogated on other grounds by *Hertz Corp. v. Friend*, 559 U.S. 77 (2010)). " 'Unless the jurisdictional issue is inextricable from the merits of a case, the court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1)[.]' " *Robinson v. U.S.*, 586 F.3d 683, 685 (9th Cir. 2009)(internal citations omitted). "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Community v. Bush*, 386 F.3d 1169, 1175 (9th Cir. 2004). If the court determines at any time that it lacks subject matter jurisdiction, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### B. Motion to Dismiss Pursuant to 12(b)(6)

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal

1    sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Federal Rule of

2    Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim

3    showing that the pleader is entitled to relief."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79

4    (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice

5    of what the claim . . . is and the grounds upon which it rests."  *Bell Atlantic v. Twombly*, 550 U.S.

6    544, 555 (2007) (internal quotations omitted).  "This simplified notice pleading standard relies on

7    liberal discovery rules and summary judgment motions to define disputed facts and issues and to

8    dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

9          On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

10    *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give plaintiff the benefit of every

11    reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*

12    *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege

13    " 'specific facts' beyond those necessary to state his claim and the grounds showing entitlement

14    to relief."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads

15    factual content that allows the court to draw the reasonable inference that the defendant is liable

16    for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

17          Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

18    factual allegations."  *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir.

19    1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an

20    unadorned, the defendant–unlawfully–harmed–me accusation."  *Iqbal*, 556 U.S. at 678.  A

21    pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

22    elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

23    ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

24    statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove

25    facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not

26    been alleged[.]"  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,

27    459 U.S. 519, 526 (1983).

28          Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting

*Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims . . .

across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680.

While the plausibility requirement is not akin to a probability requirement, it demands more than

"a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is

"a context–specific task that requires the reviewing court to draw on its judicial experience and

common sense." *Id.* at 679.

If a complaint fails to state a plausible claim, " '[a] district court should grant leave to

amend even if no request to amend the pleading was made, unless it determines that the pleading

could not possibly be cured by the allegation of other facts.' " *Lopez v. Smith*, 203 F.3d 1122,

1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995));

*see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

denying leave to amend when amendment would be futile). Although a district court should

freely give leave to amend when justice so requires under Rule 15(a) (2), "the court's discretion

to deny such leave is 'particularly broad' where the plaintiff has previously amended its

complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir.

2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

**III.   ANALYSIS**

Plaintiff's Complaint alleges three separate causes of action against Defendant: (1)

violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; (2)

violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil

Code § 1788, *et seq.*; and (3) violation of the California Consumer Credit Reporting Agencies Act

("CCCRAA"), California Civil Code § 1785, *et seq.* (*See generally* ECF No. 1.) Defendant has

moved to dismiss each of Plaintiff's claims under Federal Rules of Civil Procedure 12(b)(1) and

12(b)(6). (*See generally* ECF No. 12.) As explained below, the Court finds Plaintiff's first and

second claims turn on alleged violations of the Bankruptcy Code and are therefore precluded by

the Ninth Circuit's determination in *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 510 (9th Cir.

2002.) Additionally, the Court declines to exercise jurisdiction over Plaintiff's claim for violation

of the CCCRAA, California Civil Code § 1785.25(a).

  A. <u>Claim One: Violation of the FDCPA, 15 U.S.C. § 1692 *et. seq.* & Claim Two:</u>

    <u>Violation of the RFDCPA, California Civil Code § 1788.17</u>[3]

   Plaintiff alleges Defendant's conduct violated provisions of Section 1692e of the FDCPA by: (1) falsely representing the character, amount, and legal status of Plaintiff's past debt; (2) communicating false information to the credit bureaus regarding Plaintiff's past debt; and (3) using false representations and deceptive means to collect Plaintiff's past debt. 15 U.S.C. § 1692e. Plaintiff further alleges Defendant's conduct violated provisions of Section 1692f of the FDCPA by: 1) using "unfair or unconscionable means to collect or attempt to collect Plaintiff's past debt," and 2) collecting any amount of debt not permitted by law. 15 U.S.C. § 1692f. Finally, Plaintiff alleges Defendant's conduct violated California Civil Code § 1788.17 of the RFDCPA which requires "every debt collector [] comply with the provisions of Sections 1692b to 1692j [as outlined in] Title 15 of the United States Code." Cal. Civ. Code § 1788.17.

   Defendant moves to dismiss Plaintiff's FDCPA and RFDCPA claims on the grounds that Plaintiff lacks standing and fails to state a claim on which relief can be granted. (ECF No. 12 at 1.) Defendant asserts that Plaintiff has not suffered an injury-in-fact because Plaintiff's Credit Report attached to Defendant's Motion to Dismiss ("Exhibit 1"), accurately reflects her debt as discharged with a $0 balance. (ECF No. 12 at 1.)[4] Additionally, Defendant argues that judicial estoppel and/or waiver preclude Plaintiff's claims because she did not disclose her assets properly when she filed for bankruptcy. (ECF No. 12 at 7.) Further, Defendant argues Plaintiff's claims fail because Defendant did not willingly and knowingly violate Plaintiff's automatic stay or discharge injunction under the Bankruptcy Code. (ECF No. 12 at 7.)

   In opposition, Plaintiff asserts the FDCPA and RFDCPA are strict liability statutes and do not require "willful and knowing" conduct by Defendant to constitute a violation. (ECF No. 13 at

---

[3] Plaintiff's RFDCPA claims are based on the same conduct as the FDCPA claims. Therefore, the Court addresses Plaintiff's claims under the FDCPA and RFDCPA synonymously in this section. *See B–Real, LLC v. Chaussee (In re Chaussee)*, 399 B.R. 225, 236-237 (9th Cir. BAP 2008) (holding plaintiff's state and federal claims must be dismissed because they both attempt to bypass the Bankruptcy Code).

[4] Defendant includes a screenshot of Plaintiff's Credit Report provided by Plaintiff's own counsel demonstrating her $0 account balance. (ECF No. 12 at 1.)

8.)  As a result, Plaintiff argues Defendant's inaccurate reporting of Plaintiff's discharged debt to a credit reporting agency violated the FDCPA and RFDCPA.  (ECF No. 13 at 11.)  In reply, Defendant argues Plaintiff's FDCPA and RFDCPA claims fail as a matter of law because the credit information ICS reported was not materially misleading.  (ECF No. 15 at 4.)

The Court's decision was at first hampered by the parties presenting arguments seemingly having no relation to the arguments of the opposing party.  Defendant raised issues under bankruptcy law not alleged in Plaintiff's complaint.  However, upon review, Defendant's arguments make a basic assumption that the Bankruptcy Code applies here without explanation. Defendant's assumption is nonetheless correct.

A plaintiff cannot base an FDCPA claim on a violation of the Bankruptcy Code because the Ninth Circuit has rejected attempts to use the FDCPA as remedy for a Bankruptcy Code violation.  *Walls*, 276 F.3d at 510.  In *Walls*, the Ninth Circuit refrained from recognizing a Section 1692f claim where it turned on whether the debt collector violated 11 U.S.C.A. § 524 ("Section 524") of the Bankruptcy Code.  *Id.*  Section 524 governs the effect of a discharge injunction once a bankruptcy applicant is granted a successful bankruptcy discharge.  11 U.S.C. § 524.  Recognizing "there [was] no escaping that [the plaintiff's] FDCPA claim [was] based on an alleged violation of [11 U.S.C.]    § 524," the Ninth Circuit stated that when bankruptcy occurs, "a debtor's protection and remedy remain in the Bankruptcy Code."  *Grossi v. Bosco Credit, LLC.*, 2017 WL 3453347, at *4 (N.D. Cal. August 10, 2017) (quoting *Walls*, 276 F.3d at 510).  The Ninth Circuit's holding in *Walls* has been extended to cover multiple provisions within Section 1692 where courts have determined a plaintiff's claims turn on alleged violations of the Bankruptcy Code.  *See Gusman v. Modern Adjustment Bureau*, 2011 WL 2580358, at *2 (C.D. Cal. June 29, 2011) (holding Plaintiff's claim under Sections 1692e(5) & (8) that Defendant falsely threatened to report "discharged debt" as outstanding entailed bankruptcy-laden determinations and should be precluded); *Grossi*, 2017 WL 3453347, at *4 (holding Plaintiff's claim under Section 1692e must be dismissed because it was clearly based on an alleged violation of Bankruptcy Code).

Similar to *Walls*, Plaintiff's first and second claims turn on an alleged violation of her

7

bankruptcy discharge.  Plaintiff's FDCPA and RFDCPA claims rest on the allegation that Defendant inaccurately reported $319 of unpaid debt to credit reporting agencies after it had been discharged through Chapter 7 Bankruptcy, thus violating the bankruptcy discharge.  (ECF No. 1 ¶ 155.)  As in *Walls*, these claims cannot be adjudicated without determining whether Plaintiff's debt to Defendant was properly discharged and thus protected under Section 524.  Because these claims "necessarily entail[ ] bankruptcy-laden determinations," Plaintiff's FDCPA and RFDCPA claims must be precluded under *Walls*.  *Gusman*, 2011 WL 2580358, at *2 (citing *Walls*, 276 F.3d at 510).

Because the Court finds Plaintiff's FDCPA and RFDCPA claims are barred by *Walls*, the Court need not address Defendant's additional arguments.  Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's first and second claims for violations of the FDCPA and RFDCPA with prejudice.

B.  Claim Three: Violation of the CCCRAA, California Civil Code § 1785.25(a)

Plaintiff's third claim is brought under California law, and the Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367.  (ECF No. 1 ¶ 16.)  Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise jurisdiction over supplemental state law claims "if the district court has dismissed all federal claims over which it has original jurisdiction."  Generally, "when federal claims are dismissed before trial…pendant state claims should also be dismissed."  *Religious Tech. Ctr. V. Wollersheim*, 971 F.2d 364, 367-68 (9th Cir. 1992).  As the federal claim is dismissed with prejudice, the Court declines to exercise jurisdiction over Plaintiff's pendant state law claim.  Accordingly, Plaintiff's third claim is hereby DISMISSED without prejudice.

**IV.    CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 12) is hereby GRANTED.  The Clerk of Court is directed to close the case.

///

///

///

1    IT IS SO ORDERED.

2

3  Dated: March 8, 2018

4

5

6                                     Troy L. Nunley
                                      United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28